United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY JARQUIN ZAMORA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*,<br>Respondents. | Case No. 1:26-cv-06153-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 2 |

Petitioner filed a Petition for Writ of Habeas Corpus and motion for a temporary restraining order seeking "release within 30 days unless Respondents schedule a hearing before an immigration judge" where the Government must justify its continued detention of Petitioner. ECF No. 1 at 18; ECF No. 2; *see also* ECF No. 11 at 14. For the reasons that follow, the Court grants the petition and orders Respondents to provide Petitioner with a prompt bond hearing. Petitioner's motion for a temporary restraining order is resolved as moot.[1]

The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner, a citizen of Nicaragua, entered the United States at an unknown date and time. ECF No. 1 ¶ 12. He does not allege having been detained by, or otherwise interacting with, immigration authorities prior to his recent detention. On June 23, 2026, Petitioner was detained by ICE while driving to work. *Id.* ¶ 23. Petitioner has remained detained since his arrest and has not been provided a bond hearing as

[1] In setting an expedited briefing schedule, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. *See* ECF No. 8. Neither party objected to this approach in their briefing.

Respondents maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). *See* ECF No. 9 at 1.

The Ninth Circuit's holding in *Rodriguez Vazquez v. Bostock* finding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)" is dispositive here. 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). As a noncitizen without admission arrested in the interior of the United States, Petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a). Indeed, Respondents admit as much, conceding in opposition that *Rodriguez Vazquez* "holds that § 1226(a) governs Petitioner's detention." ECF No. 9 at 1. As such, Petitioner's detention, bond, and release are controlled by § 1226(a).

Accordingly, the petition for writ of habeas corpus, ECF No. 1, is GRANTED. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Noël Wise
United States District Judge